**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4114**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

ARTURO MEDEL-MORAN,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00093-JAB-1)

───────────────

Submitted:  March 30, 2011          Decided:  April 8, 2011

───────────────

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Medel-Moran pled guilty, pursuant to a written plea agreement, to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and he was sentenced by the district court to fifty-two months' imprisonment. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether Medel-Moran's sentence is reasonable. Counsel subsequently filed a supplemental brief, contending that the district court procedurally erred by failing to analyze the 18 U.S.C. § 3553(a) (2006) factors and to consider the sentencing argument in the context of those factors. The Government asserts that there is no procedural error because the district court's explanation is sufficient. Alternatively, the Government contends that the error is harmless because defense counsel's sentencing arguments are not compelling. Medel-Moran was notified of his right to file a pro se supplemental brief, but he has not done so.

Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to

2

determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In contrast, "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Because counsel preserved his procedural challenge to the sentence by arguing for a sentence different from that received by Medel-Moran, this court's review is for an abuse of discretion. See Lynn, 592 F.3d at 581, 583-84; cf. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for sentence different from sentence he received). If the district court procedurally erred and thus abused its discretion, this court must reverse unless the error is harmless. Lynn, 592 F.3d at 581, 585.

We conclude that the district court abused its discretion in failing to place on the record an individualized assessment of the § 3553(a) factors relating to Medel-Moran. "Sentencing courts are statutorily required to state their reasons for imposing a chosen sentence." United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010); see 18 U.S.C. § 3553(c) (2006). In this case, the sentencing transcript is devoid of any such explanation.

"[B]ecause there is no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him," Lynn, 592 F.3d at 585, and the court did not explain its sentence under § 3553(a), we conclude that the procedural error is not harmless.

In accordance with Anders, we have reviewed the entire record in this case. For the reasons set forth, we vacate the sentence and remand for resentencing. We, of course, indicate no view as to the appropriate sentence to be imposed upon Medel-Moran, leaving that determination, in the first instance, to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4